FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

DEC 3 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ABDULLAH M. RASHEED, | :: | CIVIL ACTION NO. |
| Inmate # GDC 1080596, EF 467966, | :: | 1:07-CV-2816-TWT |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| JAMES E. DONALD, | :: | PRISONER CIVIL RIGHTS |
| Comm'r, Ga. Dep't of Corr., | :: | 42 U.S.C. § 1983 |
| WARDENS TERRY, PERRY, LACY, | :: | |
| and HALL, COUNSELOR HELL, | :: | |
| DR. FYE, | :: | |
| Macon State Prison, | :: | |
| Defendants. | :: | |

## ORDER AND OPINION

Plaintiff, an inmate at Macon State Prison in Oglethorpe, Georgia, has filed the instant *pro se* civil rights action, wherein he sues various Defendants at Macon State Prison, including all of the wardens, as well as the Commissioner of the Georgia Department of Corrections. [Doc. 1 ¶ III.] Plaintiff alleges numerous instances of cruel and unusual punishment and due process violations at the prison. [Id. ¶ IV and attach.] He seeks damages from Defendants in their individual capacities only. [Id., attach. at 3-4, 11-12.]

Because there is no special venue statute for civil rights actions, the general venue statute, 28 U.S.C. § 1391, controls. See Jones v. Bales, 58 F.R.D. 453, 458

(N.D. Ga. 1972). In relevant part, § 1391(b) provides that a civil action based on federal question jurisdiction, as is the case here, may be brought only in the judicial district where at least one defendant resides or in which a substantial part of the events giving rise to the claim or claims occurred. Macon State Prison is located in Macon County, Georgia, within the territory of the United States District Court for the Middle District of Georgia, Macon Division, wherein all of the events giving rise to Plaintiff's claims allegedly occurred. Furthermore, all of the named Defendants reside within that territory as well, except for the Commissioner of the Georgia Department of Corrections, who resides within the territory of this Court.

However, Plaintiff has not alleged either a specific action or omission by the Commissioner or his connection with a specific action or omission by a subordinate at Macon State Prison for which he may be held liable in this § 1983 action. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (noting that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability," and that, instead, a supervisor is individually liable only when he "personally participates in the alleged unconstitutional conduct or when there is a causal connection between [his] actions . . . and the alleged constitutional deprivation"). Accordingly, because the gravamen

of Plaintiff's complaint concerns alleged constitutional deprivations within the territory of the United States District Court for the Middle District of Georgia, Plaintiff has failed to allege proper venue in this Court.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This Court finds that transfer of this action would be in the interest of justice.

Accordingly, for the foregoing reasons, James E. Donald and the Georgia Department of Corrections are **HEREBY DISMISSED** as Defendants herein, and this action is **TRANSFERRED** to the United States District Court for the Middle District of Georgia, Macon Division, along with all orders, motions, affidavits, pleadings, and exhibits filed herein (if any) for further proceedings. This Court refrains from ruling on Plaintiff's pending request to proceed *in forma pauperis*.

**IT IS SO ORDERED** this 30 day of November, 2007.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)